

# Exhibit A

ELECTRONICALLY FILED
8/24/2018 4:39 PM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

| | | |
|---|---|---|
| **State of Alabama**<br>**Unified Judicial System**<br><br>**Form ARCiv-93   Rev.5/99** | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>2C<br><br>Date of Filing:   Judge Code:<br>08/24/2018 |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### SARAH BETH NELSON v. MELAKU DAMITE DEMIS ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM DISTRICT COURT**   O ☐ **OTHER**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
KEN006    8/24/2018 4:39:31 PM    /s/ JOHN MACLIN KENNEMER
_____    Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
8/24/2018 4:39 PM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ....---..

| | | |
|---|---|---|
| **SARAH BETH NELSON,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: CV-2018-_____** |
| | * | |
| **RUTH STAR, INC.,** | * | |
| **dba Daniel Trucking** | * | |
| **310 Trenton Drive** | * | |
| **Wylie, Texas 75098** | * | |
| **Or such other entity dba Daniel Trucking** | * | |
| **and** | * | |
| **MELAKU DEMIS,** | * | |
| **18909 Lloyd Circle, Apt 12212** | * | |
| **Dallas, Texas 75252** | * | |
| **Defendants.** | * | |

## COMPLAINT
### Count 1 - Personal Injury-Negligence

1.  Plaintiff Sarah Beth Nelson ("Sarah") lives at 162 Trace Street, Tishomingo, Mississippi.

2.  Melaku Demis was the driver of the truck that caused the wreck that is the subject of the case.

3.  Defendant Ruth Star, Inc., is a trucking firm in Texas. Ruth Star, Inc., (or such other entity dba as Daniel Trucking) is the entity responsible for the driver and the eighteen-wheeler that is the subject of the case.

4.  On August 25, 2016, Sarah was driving her car eastward on the Natchez Trace from Mississippi to Florence, Alabama, where she lived at time of the wreck. As she approached the Natchez Trace bridge, she saw construction signs on the bridge.

5.  Sarah drove her car onto the bridge when she saw an eighteen-wheeler truck coming at her and it was in her lane.

6.  The eighteen-wheeler crashed into Sarah's car causing major damage to the car and traumatic injuries to Sarah.

7.  Sarah had great pain and suffering, and mental problems, all caused by the of the wreck caused by the eighteen-wheeler.

8. As a proximate cause of the negligent driving by the Defendant Melaku Demis, Sarah has incurred physical pain and mental anguish, permanent injuries, loss of enjoyment of life, and medical expenses, and she will continue to incur physical pain and mental anguish, permanent injuries, and loss of enjoyment of life, in the future.

**WHEREFORE,** Sarah Nelson demands judgment against Defendants Ruth Star, Inc., (or such other entity dba as Daniel Trucking) and Melaku Demis in an amount to be determined by the trier of fact, plus court costs.

### Count 2 - Property Damage-Negligence

9. Paragraphs 1. through 8. are repeated herein as fully as if set out.

10. Sarah incurred property damage to the Chrysler 300 proximately caused by the negligent driving by the Defendants.

**WHEREFORE,** Sarah Nelson demands judgment against Defendants Ruth Star, Inc., and Melaku Demis in an amount to be determined by the trier of fact, plus court costs.

### Count 3 – Wanton Act-Punitive Damages

11. Paragraphs 1. through 10. are repeated herein as fully as if set out.

12. Defendant Melaku Demis drove in a wanton manner in that he drove his eighteen-wheeler on the Natchez Trace bridge, which is illegal (36 CFR 7.43 - Natchez Trace Parkway), with a reckless or conscious disregard of the rights or safety of others.

**WHEREFORE,** Sarah Nelson demands judgment for compensatory and punitive damages against Defendants Ruth Star, Inc., and Melaku Demis in an amount to be determined by the trier of fact, plus court costs.

### PLAINTIFF DEMANDS TRIAL BY JURY

s/ *John M. Kennemer*
JOHN M. KENNEMER KEN006
Attorney for the Plaintiff
106 West Second Street
Tuscumbia, AL 35674
Phone:  (256) 381-5800
Fax:     (877) 222-0881
E-mail:  kennemer@comcast.net

ELECTRONICALLY FILED
1/10/2019 11:59 AM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>2C<br>Date of Filing:<br>08/24/2018 | NANCY L. HEARN, CLERK<br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### SARAH BETH NELSON v. MELAKU DAMITE DEMIS ET AL

| First Plaintiff: | Business | ✓ Individual | First Defendant: | Business | ✓ Individual |
| | Government | Other | | Government | Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

| TORTS: PERSONAL INJURY | OTHER CIVIL FILINGS (cont'd) |
|---|---|
| WDEA - Wrongful Death | MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve |
| TONG - Negligence: General | |
| ✓ TOMV - Negligence: Motor Vehicle | CVRT - Civil Rights |
| TOWA - Wantonness | COND - Condemnation/Eminent Domain/Right-of-Way |
| TOPL - Product Liability/AEMLD | CTMP - Contempt of Court |
| TOMM - Malpractice-Medical | CONT - Contract/Ejectment/Writ of Seizure |
| TOLM - Malpractice-Legal | TOCN - Conversion |
| TOOM - Malpractice-Other | EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division |
| TBFM - Fraud/Bad Faith/Misrepresentation | |
| TOXX - Other: _____ | CVUD - Eviction Appeal/Unlawful Detainer |
| | FORJ - Foreign Judgment |
| **TORTS: PERSONAL INJURY** | FORF - Fruits of Crime Forfeiture |
| TOPE - Personal Property | MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition |
| TORE - Real Property | PFAB - Protection From Abuse |
| | FELA - Railroad/Seaman (FELA) |
| **OTHER CIVIL FILINGS** | RPRO - Real Property |
| ABAN - Abandoned Automobile | WTEG - Will/Trust/Estate/Guardianship/Conservatorship |
| ACCT - Account & Nonmortgage | COMP - Workers' Compensation |
| APAA - Administrative Agency Appeal | CVXX - Miscellaneous Circuit Civil Case |
| ADPA - Administrative Procedure Act | |
| ANPS - Adults in Need of Protective Services | |

| ORIGIN: | F ✓ INITIAL FILING | A | APPEAL FROM<br>DISTRICT COURT | O | OTHER |
| | R | REMANDED | T | TRANSFERRED FROM<br>OTHER CIRCUIT COURT | | |

| HAS JURY TRIAL BEEN DEMANDED? | ✓ YES | NO | Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |

| RELIEF REQUESTED: | ✓ MONETARY AWARD REQUESTED | NO MONETARY AWARD REQUESTED |

| ATTORNEY CODE: | | |
| KEN006 | 8/24/2018 4:39:31 PM | /s/ JOHN MACLIN KENNEMER |
| | Date | Signature of Attorney/Party filing this form |

| MEDIATION REQUESTED: | YES ✓ NO | UNDECIDED |

| State of Alabama | **SUMMONS** | **Court Case Number** |
|---|---|---|
| Unified Judicial System | | 20-CV-2018-900260.00 |
| Form C-34  Rev. 4/2017 | **- CIVIL -** | |

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**
**SARAH BETH NELSON V. MELAKU DAMITE DEMIS ET AL**

NOTICE TO: MELAKU DAMITE DEMIS, 18908 LLOYD CIR APT 12212, DALLAS, TX 75252

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN MACLIN KENNEMER

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 106 WEST SECOND ST., TUSCUMBIA, AL 35674

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

✓ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                    *(Name(s))*

| 8/24/2018 4:40:30 PM | /s/ NANCY L. HEARN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

Certified Mail is hereby requested.  _____

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

Return receipt of certified mail received in this office on _____ .

*(Date)*

I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____

*(Address of Server)*

_____       _____

*(Type of Process Server)*          *(Server's Signature)*

_____       _____

*(Server's Printed Name)*          *(Phone Number of Server)*

DOCUMENT 2



ELECTRONICALLY FILED
8/24/2018 4:39 PM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ..................

| | |
|---|---|
| SARAH BETH NELSON, | * |
|    Plaintiff, | * |
| | * |
| v. | *    Civil Action No.: CV-2018-_____ |
| | * |
| RUTH STAR, INC., | * |
| dba Daniel Trucking | * |
| 310 Trenton Drive | * |
| Wylie, Texas 75098 | * |
| Or such other entity dba Daniel Trucking | * |
| and | * |
| MELAKU DEMIS, | * |
| 18909 Lloyd Circle, Apt 12212 | * |
| Dallas, Texas 75252 | * |
|    Defendants. | * |

## COMPLAINT
### Count 1 - Personal Injury-Negligence

1.      Plaintiff Sarah Beth Nelson ("Sarah") lives at 162 Trace Street,
Tishomingo, Mississippi.

2.      Melaku Demis was the driver of the truck that caused the wreck that is the
subject of the case.

3.      Defendant Ruth Star, Inc., is a trucking firm in Texas. Ruth Star, Inc., (or
such other entity dba as Daniel Trucking) is the entity responsible for the driver and the
eighteen-wheeler that is the subject of the case.

4.      On August 25, 2016, Sarah was driving her car eastward on the Natchez
Trace from Mississippi to Florence, Alabama, where she lived at time of the wreck. As
she approached the Natchez Trace bridge, she saw construction signs on the bridge.

5.      Sarah drove her car onto the bridge when she saw an eighteen-wheeler
truck coming at her and it was in her lane.

6.      The eighteen-wheeler crashed into Sarah's car causing major damage to the
car and traumatic injuries to Sarah.

7.      Sarah had great pain and suffering, and mental problems, all caused by the
of the wreck caused by the eighteen-wheeler.

8.    As a proximate cause of the negligent driving by the Defendant Melaku Demis, Sarah has incurred physical pain and mental anguish, permanent injuries, loss of enjoyment of life, and medical expenses, and she will continue to incur physical pain and mental anguish, permanent injuries, and loss of enjoyment of life, in the future.

**WHEREFORE,** Sarah Nelson demands judgment against Defendants Ruth Star, Inc., (or such other entity dba as Daniel Trucking) and Melaku Demis in an amount to be determined by the trier of fact, plus court costs.

### Count 2 - Property Damage-Negligence

9.    Paragraphs 1. through 8. are repeated herein as fully as if set out.

10.    Sarah incurred property damage to the Chrysler 300 proximately caused by the negligent driving by the Defendants.

**WHEREFORE,** Sarah Nelson demands judgment against Defendants Ruth Star, Inc., and Melaku Demis in an amount to be determined by the trier of fact, plus court costs.

### Count 3 – Wanton Act-Punitive Damages

11.    Paragraphs 1. through 10. are repeated herein as fully as if set out.

12.    Defendant Melaku Demis drove in a wanton manner in that he drove his eighteen-wheeler on the Natchez Trace bridge, which is illegal (36 CFR 7.43 - Natchez Trace Parkway), with a reckless or conscious disregard of the rights or safety of others.

**WHEREFORE,** Sarah Nelson demands judgment for compensatory and punitive damages against Defendants Ruth Star, Inc., and Melaku Demis in an amount to be determined by the trier of fact, plus court costs.

### **PLAINTIFF DEMANDS TRIAL BY JURY**

DOCUMENT 2

s/ *John M. Kennemer*
JOHN M. KENNEMER KEN006
Attorney for the Plaintiff
106 West Second Street
Tuscumbia, AL 35674
Phone: (256) 381-5800
Fax: (877) 222-0881
E-mail: kennemer@comcast.net

DOCUMENT 7

ELECTRONICALLY FILED
1/10/2019 12:42 PM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | C<br>20-CV-2018-900260.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**

**SARAH BETH NELSON V. MELAKU DAMITE DEMIS ET AL**

NOTICE TO: MELAKU DAMITE DEMIS, 18908 LLOYD CIR APT 12212, DALLAS, TX 75252

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S).

JOHN MACLIN KENNEMER

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 106 WEST SECOND ST., TUSCUMBIA, AL 35674

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

✓ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 8/24/2018 4:40:30 PM | /s/ NANCY L. HEARN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

Return receipt of certified mail received in this office on _____

*(Date)*

✓ I certify that I personally delivered a copy of this Summons and Complaint or other document to   Melaku

Damite   Demis                                    in   Collin                                    County,

*(Name of Person Served)*                                    *(Name of County)*

Texas
Alabama on   December 24th 2018 .

*(Date)*

Private Process Server
*(Type of Process Server)*

Charles J. Werm
*(Server's Signature)*

Charles D. Werner
*(Server's Printed Name)*

P.O. Box 339
*(Address of Server)*

Wylie, TX 75098
(464) 758-7311
*(Phone Number of Server)*

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| **SARAH BETH NELSON,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No. 20-CV-2018-900260** |
| | * | |
| | * | |
| **RUTH STAR, INC,** | * | |
| **Dba Daniel Trucking;** | * | |
| **MELAKU DEMIS,** | * | |
| **Defendants.** | * | |

### AFFIDAVIT OF SERVICE

"My name is **Charles D. Werner.** I am a private process server authorized by the Judicial Branch Certification Commission of Texas. My authorization number is **PSC-12200."**

"Came to hand on the **21st** day of **DECEMBER, 2018** at **4:01**, o'clock **p.m.**, and executed in **COLLIN** County, Texas. I delivered via **PERSONAL SERVICE** a true and correct copy of the **COVER SHEET CIRCUIT COURT – CIVIL CASE, the SUMMONS - CIVIL -,** and the attached **COMPLAINT** to **MELAKU DAMITE DEMIS,** located at **1605 TIMBER BROOK DRIVE, WYLIE, TEXAS 75098** at **9:00 a.m.** on the **24th** day of **DECEMBER, 2018**."

"I am not a party to this case nor am I related to, employed by, or otherwise connected to [other than having been retained to serve process in this case] any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit. I am over the age of eighteen (18) years of age. I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude."

My name is **CHARLES D. WERNER**, my date of birth is **OCTOBER 2ND, 1984,** and my address is **2231 COLBY LANE WYLIE, TEXAS 75098**.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _Collin_ County, State of _Texas_, on the _24th_ day of _December, 2018_.

_Charles D. Werner_
**Declarant/Authorized Process Server**

**PSC-12200          EXP. 08/31/2019**
**(Id # & expiration of certification)**

**(469) 758- 7311, Wernerprocess@outlook.com**
**(Phone Number, Email Address)**

DOCUMENT 9
DOCUMENT 1

ELECTRONICALLY FILED
1/10/2019 12:49 PM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>2C<br><br>Date of Filing:   Judge Code:<br>08/24/2018 |
|---|---|---|

NANCY L. HEARN, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### SARAH BETH NELSON v. MELAKU DAMITE DEMIS ET AL

| **First Plaintiff:** | Business | ✔ Individual | **First Defendant:** | Business | ✔ Individual |
|---|---|---|---|---|---|
| | Government | Other | | Government | Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- WDEA - Wrongful Death
- TONG - Negligence: General
- ✔ TOMV - Negligence: Motor Vehicle
- TOWA - Wantonness
- TOPL - Product Liability/AEMLD
- TOMM - Malpractice-Medical
- TOLM - Malpractice-Legal
- TOOM - Malpractice-Other
- TBFM - Fraud/Bad Faith/Misrepresentation
- TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- TOPE - Personal Property
- TORE - Real Property

**OTHER CIVIL FILINGS**
- ABAN - Abandoned Automobile
- ACCT - Account & Nonmortgage
- APAA - Administrative Agency Appeal
- ADPA - Administrative Procedure Act
- ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- CVRT - Civil Rights
- COND - Condemnation/Eminent Domain/Right-of-Way
- CTMP - Contempt of Court
- CONT - Contract/Ejectment/Writ of Seizure
- TOCN - Conversion
- EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- CVUD - Eviction Appeal/Unlawful Detainer
- FORJ - Foreign Judgment
- FORF - Fruits of Crime Forfeiture
- MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- PFAB - Protection From Abuse
- FELA - Railroad/Seaman (FELA)
- RPRO - Real Property
- WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- COMP - Workers' Compensation
- CVXX - Miscellaneous Circuit Civil Case

| **ORIGIN:** | F ✔ **INITIAL FILING** | A | **APPEAL FROM DISTRICT COURT** | O | **OTHER** |
|---|---|---|---|---|---|
| | R   **REMANDED** | T | **TRANSFERRED FROM OTHER CIRCUIT COURT** | | |

| **HAS JURY TRIAL BEEN DEMANDED?**   ✔ YES   NO | Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |
|---|---|

| **RELIEF REQUESTED:**   ✔ MONETARY AWARD REQUESTED   NO MONETARY AWARD REQUESTED |
|---|

| **ATTORNEY CODE:** | | |
|---|---|---|
| KEN006 | 8/24/2018 4:39:31 PM | /s/ JOHN MACLIN KENNEMER |
| | Date | Signature of Attorney/Party filing this form |

| **MEDIATION REQUESTED:**   YES ✔ NO   UNDECIDED |
|---|

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>- CIVIL - | **Court Case Number**<br>20-CV-2018-900260.00 |

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**
**SARAH BETH NELSON V. MELAKU DAMITE DEMIS ET AL**

**NOTICE TO:** RUTH STAR, INC., DBA DANIEL TRUCK, WYLIE, TX 75098

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN MACLIN KENNEMER

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 106 WEST SECOND ST., TUSCUMBIA, AL 35674

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

✓ Service by certified mail of this Summons is initiated upon the written request of SARAH BETH NELSON
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 8/24/2018 4:40:30 PM | /s/ NANCY L. HEARN | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

✓ Certified Mail is hereby requested. | /s/ JOHN MACLIN KENNEMER
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

Return receipt of certified mail received in this office on _____.
*(Date)*

I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*              *(Name of County)*

Alabama on _____.
*(Date)*

_____
*(Address of Server)*

_____
*(Type of Process Server)*       *(Server's Signature)*

_____
*(Server's Printed Name)*       *(Phone Number of Server)*

DOCUMENT 2

ELECTRONICALLY FILED
8/24/2018 4:39 PM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

**IN THE CIRCUIT COURT OF COLBERT COUNTY, .................**

| | | |
|---|---|---|
| **SARAH BETH NELSON,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: CV-2018-_____** |
| | * | |
| **RUTH STAR, INC.,** | * | |
| **dba Daniel Trucking** | * | |
| **310 Trenton Drive** | * | |
| **Wylie, Texas 75098** | * | |
| **Or such other entity dba Daniel Trucking** | * | |
| **and** | * | |
| **MELAKU DEMIS,** | * | |
| **18909 Lloyd Circle, Apt 12212** | * | |
| **Dallas, Texas 75252** | * | |
| **Defendants.** | * | |

## COMPLAINT
### Count 1 - Personal Injury-Negligence

1.     Plaintiff Sarah Beth Nelson ("Sarah") lives at 162 Trace Street, Tishomingo, Mississippi.

2.     Melaku Demis was the driver of the truck that caused the wreck that is the subject of the case.

3.     Defendant Ruth Star, Inc., is a trucking firm in Texas. Ruth Star, Inc., (or such other entity dba as Daniel Trucking) is the entity responsible for the driver and the eighteen-wheeler that is the subject of the case.

4.     On August 25, 2016, Sarah was driving her car eastward on the Natchez Trace from Mississippi to Florence, Alabama, where she lived at time of the wreck. As she approached the Natchez Trace bridge, she saw construction signs on the bridge.

5.     Sarah drove her car onto the bridge when she saw an eighteen-wheeler truck coming at her and it was in her lane.

6.     The eighteen-wheeler crashed into Sarah's car causing major damage to the car and traumatic injuries to Sarah.

7.     Sarah had great pain and suffering, and mental problems, all caused by the of the wreck caused by the eighteen-wheeler.

8.     As a proximate cause of the negligent driving by the Defendant Melaku
Demis, Sarah has incurred physical pain and mental anguish, permanent injuries, loss of
enjoyment of life, and medical expenses, and she will continue to incur physical pain and
mental anguish, permanent injuries, and loss of enjoyment of life, in the future.

**WHEREFORE,** Sarah Nelson demands judgment against Defendants Ruth Star,
Inc., (or such other entity dba as Daniel Trucking) and Melaku Demis in an amount to be
determined by the trier of fact, plus court costs.

### Count 2 - Property Damage-Negligence

9.     Paragraphs 1. through 8. are repeated herein as fully as if set out.

10.    Sarah incurred property damage to the Chrysler 300 proximately caused by
the negligent driving by the Defendants.

**WHEREFORE,** Sarah Nelson demands judgment against Defendants Ruth
Star, Inc., and Melaku Demis in an amount to be determined by the trier of fact, plus
court costs.

### Count 3 – Wanton Act-Punitive Damages

11.    Paragraphs 1. through 10. are repeated herein as fully as if set out.

12.    Defendant Melaku Demis drove in a wanton manner in that he drove his
eighteen-wheeler on the Natchez Trace bridge, which is illegal (36 CFR 7.43 - Natchez
Trace Parkway), with a reckless or conscious disregard of the rights or safety of others.

**WHEREFORE,** Sarah Nelson demands judgment for compensatory and punitive
damages against Defendants Ruth Star, Inc., and Melaku Demis in an amount to be
determined by the trier of fact, plus court costs.

### PLAINTIFF DEMANDS TRIAL BY JURY

s/ *John M. Kennemer*
JOHN M. KENNEMER KEN006
Attorney for the Plaintiff
106 West Second Street
Tuscumbia, AL 35674
Phone:  (256) 381-5800
Fax:    (877) 222-0881
E-mail: kennemer@comcast.net

ELECTRONICALLY FILED
1/10/2019 12:53 PM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

| State of Alabama | **SUMMONS** | C. 20-CV-2018-900260.00 |
|---|---|---|
| Unified Judicial System | | |
| Form C-34  Rev. 4/2017 | **- CIVIL -** | |

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
## SARAH BETH NELSON V. MELAKU DAMITE DEMIS ET AL

**NOTICE TO:** RUTH STAR, INC., DBA DANIEL TRUCK, WYLIE, TX 75098

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S).
JOHN MACLIN KENNEMER

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 106 WEST SECOND ST., TUSCUMBIA, AL 35674

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

✔ Service by certified mail of this Summons is initiated upon the written request of SARAH BETH NELSON
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 8/24/2018 4:40:30 PM | /s/ NANCY L. HEARN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

✔ Certified Mail is hereby requested.          /s/ JOHN MACLIN KENNEMER
                                               *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

Return receipt of certified mail received in this office on _____ .
                                                              *(Date)*

✔ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

Ruth Star Inc.  by and through Registered Agent Kassahun Mizu in    Collin                    County,
*(Name of Person Served)*                                         *(Name of County)*

Texas
Alabama on ____12/20/2018____ .
                *(Date)*

                                                        P.O. Box 339
                                                        *(Address of Server)*

Private Process Server    Charles F. Werner
*(Type of Process Server)*    *(Server's Signature)*          Wylie, TX 75098

                          Charles D. Werner          (469) 758-7311
                          *(Server's Printed Name)*    *(Phone Number of Server)*

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| **SARAH BETH NELSON,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No. 20-CV-2018-900260** |
| | * | |
| | * | |
| **RUTH STAR, INC,** | * | |
| **Dba Daniel Trucking;** | * | |
| **MELAKU DEMIS,** | * | |
| **Defendants.** | * | |

### AFFIDAVIT OF SERVICE

"My name is **Charles D. Werner.** I am a private process server authorized by the Judicial Branch Certification Commission of Texas. My authorization number is **PSC-12200."**

"Came to hand on the **20th** day of **DECEMBER, 2018** at **4:01**, o'clock **p.m.**, and executed in **COLLIN** County, Texas. I delivered via **PERSONAL SERVICE** a true and correct copy of the **COVER SHEET CIRCUIT COURT – CIVIL CASE, the SUMMONS - CIVIL -,** and the attached **COMPLAINT** to **RUTH STAR, INC., by and through its Registered Agent, KASSAHUN MIZU,** located at **312 TRENTON DRIVE, WYLIE, TEXAS 75098** at **4:35 p.m.** on the **20th** day of **DECEMBER, 2018**."

"I am not a party to this case nor am I related to, employed by, or otherwise connected to [other than having been retained to serve process in this case] any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit. I am over the age of eighteen (18) years of age. I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude."

My name is **CHARLES D. WERNER**, my date of birth is **OCTOBER 2ND, 1984,** and my address is **2231 COLBY LANE WYLIE, TEXAS 75098**.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT. Executed in _Collin_ County, State of _Texas_, on the _20th_ day of _December, 2018_.

_Charles D. Werner_
**Declarant/Authorized Process Server**

**PSC-12200            EXP. 08/31/2019**
**(Id # & expiration of certification)**

**(469) 758- 7311, Wernerprocess@outlook.com**
**(Phone Number, Email Address)**

DOCUMENT 13

ELECTRONICALLY FILED
1/15/2019 10:05 AM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| SARAH BETH NELSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.** |
| **v.** | ) |
| | ) **CV 2018-900260** |
| RUTH STAR, INC., d/b/a DANIEL | ) |
| TRUCKING and MELAKU DEMIS, | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANTS' ANSWER TO COMPLAINT

**COME NOW** the Defendants designated in Plaintiff's Complaint as Ruth Start, Inc, d/b/a

Daniel Trucking and Melaku Demis, by and through their undersigned counsel of record in the

above-styled cause of action, pursuant to the ***Alabama Rules of Civil Procedure*** and for answer

to Plaintiff's Complaint, state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be

granted.

### SECOND DEFENSE

Defendants aver that they are not guilty of the matters and things alleged in Plaintiff's

Complaint and demand strict proof thereof.

### THIRD DEFENSE

Defendants deny the material allegations made the basis of Plaintiff's Complaint and

demand strict proof thereof.

### FOURTH DEFENSE

Defendants say the Plaintiff was guilty of negligence on said occasion, and said negligence

proximately contributed to cause her alleged injuries and damages.

### FIFTH DEFENSE

For that on the occasion complained of Plaintiff assumed the risk of her injuries with knowledge of the dangers involved in the acts that she was performing at the time of the said injuries.

### SIXTH DEFENSE

Defendants plead the applicable statute of limitations.

### SEVENTH DEFENSE

Defendants aver that venue is improper and/or inconvenient.

### EIGHTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of § 6-11-21, *Code of Ala.* (1975), which provides that an award of punitive damages shall not exceed \$250,000. See also, *Oliver v. Towns*, (Ms. 197-312, Jan. 15, 1999) ___ So.2d. ___ (Ala. 1999).

### NINTH DEFENSE

The holding of *Henderson v. Alabama Power Co.*, 627 So. 2d. 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to *Good Year Tire & Rubber Co. v. Vinson*, (Ms. 1972057; 1972186, April 23, 1999) ___ So.2d. ___ (Ala. 1999), and supporting authorities cited therein, which are adopted by reference as if fully set forth herein.

### TENTH DEFENSE

The doctrine of revival dictates that upon the overruling of *Henderson, supra*, the \$250,000 cap provided by § 6-11-21, *Code of Ala.* (1975), is applicable to this case which was filed after §

–2–

6-11-21 was enacted.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages violates the Defendants' constitutional rights under the Constitution of the United States of America and the Constitution of the State of Alabama.

## TWELFTH DEFENSE

Defendants aver that all of the Plaintiff's medical expenses have been paid for by Plaintiff's medical insurance carrier, or some other form of insurance, and Plaintiff is not entitled to recover said medical expenses pursuant to Alabama Act 87-187.

## THIRTEENTH DEFENSE

Defendants aver that some other responsible entity and/or insurance company may have provided benefits in the form of medical payments and other compensation to the Plaintiff.

## FOURTEENTH DEFENSE

Defendants say the Plaintiff's alleged injuries and damages was the result of an efficient intervening cause which was not foreseeable by Defendants.

## FIFTEENTH DEFENSE

Defendants plead that joint and several liability for punitive damages is not available to the Plaintiffs, pursuant to *Alabama Code* § 6-11-21 (e).

## SIXTEENTH DEFENSE

The Defendants aver that the Plaintiff has failed to mitigate damages.

## SEVENTEENTH DEFENSE

The Plaintiff's Complaint fails to allege a claim for which punitive damages can be recovered.

–3–

DOCUMENT 13

## EIGHTEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount that a jury may impose, would violate the Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## NINETEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate these Defendants' substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and guarantee against double jeopardy.

## TWENTIETH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of

punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate the Defendants' substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTY-FIRST DEFENSE

Any award of punitive damages based on anything other than the Defendants' conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect against impermissible multiple punishment for the same wrong.

### TWENTY-SECOND DEFENSE

Any award of punitive damages in this case would violate the Defendants' rights under the substantive and procedural due process clauses of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eight Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clauses of the United States Constitution and the Constitution of the State of Alabama.

### TWENTY-THIRD DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in ***Pacific Mutual Life Insurance Co.,***

–5–

*v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system in wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See *Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So.2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.*, 627 So.2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); *Id*. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See *Honda Motor Co., Ltd. v. Oberg*, 114 S.Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

## TWENTY-FOURTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards of limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

## TWENTY-FIFTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and unconstitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to the Defendants' alleged conduct in this matter or to any alleged harm to Plaintiff, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the

−6−

United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I §15.

### TWENTY-SIXTH DEFENSE

Without the protections previously provided §6-11-23(a) and 6-11-24, *Code of Alabama* regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### TWENTY-SEVENTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to the Defendants by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, §1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guidelines upon which to rely in calculating mental anguish damage awards.

### TWENTY-EIGHTH DEFENSE

The award of punitive damages claimed by Plaintiff violates Article I, §10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article I, §6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)     That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

–7–

(b)     That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)     That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)     That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)     That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I)     That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j)     That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)     That standards of conduct upon which punitive damages are awarded are vague.

–8–

(l)     That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

### TWENTY-NINTH DEFENSE

The Defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* §6-11-21 (Repl. Vol 1993).

### THIRTIETH DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

### THIRTY-FIRST DEFENSE

Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

### THIRTY-SECOND DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against the Defendants, this award

–9–

contravenes the Defendants' right to Due Process under the Fourteenth Amendment of the United

States Constitution and the Due Process Clause of Article I, §13 of the Alabama Constitution.  In

addition, such an award would infringe upon the Defendants' right against double jeopardy insured

by the Fifth Amendment of the United States Constitution and/or Article I, §9 of the Alabama

Constitution.

## THIRTY-THIRD DEFENSE

With respect to the Plaintiff's demand for punitive damages, the Defendants specifically

incorporate by reference any and all standards or limitations regarding the determination and/or

enforceability of punitive damage awards as articulated in the decision of ***BMW North American,***

***Inc., v. Gore***, 646 So.2d 619 Ala. (1984), judgment vacated, ___ U.S. ___, 116 S. Ct. 1589, 134

L. Ed. 2d 809 (1996), on remand, WL 233910 (May 9, 1997).

## THIRTY-FOURTH DEFENSE

The Defendants contend that the Plaintiff is not entitled to an award of punitive damages,

and that an award of punitive damages against the Defendants, on the facts of this case, would be

contrary to the Constitution of the State of Alabama and the Constitution of the United States.

Further, any award of punitive damages to the Plaintiff is limited to the standards set out in ***BMW***

***of North America, Inc., v. Gore***, 646 So.2d 619 (Ala. 1984), judgment vacated, ___ U.S. ___,

116 S.Ct. 1589, 134 L. Ed. 2d 809 (1996), on remand, WL 233910 (May 9, 1997).

## THIRTY-FIFTH DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims

for punitive damages sought by Plaintiff in this lawsuit, constitutes a violation of the due process

clause of the Constitution of the United States, under the authority of ***BMW of North America,***

***Inc., v. Gore***, 646 So.2d 619 (Ala.1984), judgment vacated, ___ U.S. ___, 116 S.Ct. 1589, 134 L.

**−10−**

Ed. 2d 809 (1996), on remand, WL 233910(May 9, 1997). The allegations made by Plaintiffs in this action, and the Plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to the Defendants so as to deprive them of due process of law.

## THIRTY-SIXTH DEFENSE

Defendants aver that the 1993 decision of ***Henderson v. Alabama Power Company***, 626 So.2d 878, declaring §6-11-21, ***Code of Alabama***, 1975 unconstitutional is not the law of the State of Alabama and the cap on punitive damages in the amount of $250,000 contained in that statute is the law of the State of Alabama.

## THIRTY-SEVENTH DEFENSE

Pursuant to ***Code of Alabama*** 1975, § 6-11-21(a) punitive damages may not exceed three (3) times the compensatory damages or $500,000, whichever is greater.

## THIRTY-EIGHTH DEFENSE

Pursuant to ***Code of Alabama***, 1975, § 6-11-21(b)(c) punitive damages assessed against a small business whose net worth is less than $2,000,000 at the time of the occurrence made the basis of the lawsuit, may not exceed $50,000 or ten percent (10%) of the net worth of the business, whichever is greater.

## THIRTY-NINTH DEFENSE

Pursuant to ***Code of Alabama***, 1975, § 6-11-21(e) no defendant shall be liable for any punitive damages unless the Defendants have been expressly found by the trier of fact to have engaged in conduct as described in ***Code of Alabama***, 1975, § 6-11-21 warranting punitive damages, and such Defendants shall only be liable for punitive damages commensurate with the Defendants' own conduct.

–11–

### FORTIETH DEFENSE

Defendants plead the general issue.

### FORTY-FIRST DEFENSE

Defendants aver this Court does not have either subject matter or in personam jurisdiction regarding the subject action made the basis of Plaintiff's Complaint.

### FORTY-SECOND DEFENSE

Defendants aver that there existed a sudden emergency not of their making which caused or contributed to Plaintiff's injuries and/or damages.

### FORTY-THIRD DEFENSE

Defendants aver that the proximate cause of this accident were the actions or omissions to act of others for which these Defendants had no control when this accident occurred.

### FORTY-FOURTH DEFENSE

Defendants affirmatively plead the Plaintiff violated one or more of the Rules of the Road which were at all times in full force and effect at the time of this accident, which combined and concurred to proximately cause or contribute to cause this accident.

### FORTY-FIFTH DEFENSE

Defendants aver that the Plaintiff's injuries were the result of intervening and/or superseding causes including the negligence/wantonness of other persons, parties, or entities over which this Defendants had no control nor retained right to control.

### FORTY-SIXTH DEFENSE

Defendants plead "last clear chance" as a defense to this action.

### FORTY-SEVENTH DEFENSE

The Defendants affirmatively plead, upon information and belief, that at the time of the

−12−

accident made the basis of Plaintiff's Complaint, the Plaintiff caused and/or contributed to cause said accident made the basis of Plaintiff's Complaint.

## FORTY-EIGHTH DEFENSE

Defendants affirmatively plead Plaintiff's failure to keep a proper look out which caused and/or contributed to cause the subject accident made the basis of Plaintiff's Complaint.

## FORTY-NINTH DEFENSE

Defendants specifically deny that they are guilty of any willful and/or wanton conduct and demand strict proof thereof.

## FIFTIETH DEFENSE

Defendants state that Plaintiff's claims are barred by the doctrine of judicial estoppel and/or collateral estoppel.

## FIFTY-FIRST DEFENSE

Said Defendants reserve the right to amend and/or supplement their Answer should discovery reveal new or other available defenses.

s/Todd N. Hamilton
Todd N. Hamilton (HAM041)
Email: todd@ssp-law.com

s/Thomas M. Little
Thomas M. Little
Email: thomas@ssp-law.com
Attorneys for Defendants
**SMITH, SPIRES, PEDDY, HAMILTON & COLEMAN, P.C.**
2015 Second Avenue North - Suite 200
Birmingham, Alabama 35203

–13–

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, I electronically filed the foregoing document with the Clerk of Court, using Alabama Judicial System's E-Filing Website system which will send notification of such filing to the following e-mail address(es):

Via email: kennemer@comcast.net
John M. Kennemer
106 West Second Street
Tuscumbia, Alabama 35674

s/Todd N.Hamilton
OF COUNSEL

−14−

ELECTRONICALLY FILED
1/15/2019 10:07 AM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **SARAH BETH NELSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.** |
| **v.** | ) |
| | ) **CV 2018-900260** |
| **RUTH STAR, INC., d/b/a DANIEL** | ) |
| **TRUCKING and MELAKU DEMIS,** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF SERVICE OF DOCUMENTS

**TO:** Circuit Court Clerk
Colbert County Courthouse

**PLEASE TAKE NOTICE** that the following discovery documents have been filed on behalf of defendants.

     **(X)**     **Defendants' Interrogatories to Plaintiff**
     ( )     Answers to Interrogatories
     **(X)**     **Defendants' Request for Production of Documents to Plaintiff**
     ( )     Responses to Request for Production of Documents
     ( )     Request for Admissions to Plaintiff
     ( )     Response to Request for Admissions
     ( )     Notice of Intent to Serve Subpoena
     ( )     Notice of Taking Deposition
     ( )     Other:

<div style="margin-left:3em">

s/Todd N. Hamilton
Todd N. Hamilton (HAM041)
Email: todd@ssp-law.com

s/Thomas M. Little
Thomas M. Little
Email: thomas@ssp-law.com
Attorneys for Defendants
**SMITH, SPIRES, PEDDY, HAMILTON & COLEMAN, P.C.**
2015 Second Avenue North - Suite 200
Birmingham, Alabama 35203

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2019, I electronically filed the foregoing document with the Clerk of Court, using Alabama Judicial System's E-Filing Website system which will send notification of such filing to the following e-mail address(es):

Via email: kennemer@comcast.net
John M. Kennemer
106 West Second Street
Tuscumbia, Alabama 35674

s/Todd N. Hamilton
OF COUNSEL

ELECTRONICALLY FILED
1/16/2019 3:39 PM
20-CV-2018-900260.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | | |
|---|---|---|---|
| NELSON SARAH BETH, | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| V. | ) Case No.: | CV-2018-900260.00 | |
| | ) | | |
| DEMIS MELAKU DAMITE, | ) | | |
| RUTH STAR, INC., | ) | | |
| Defendants. | ) | | |

### ORDER

It is   hereby ORDERED by the Court that this case is set for a SCHEDULING/STATUS
CONFERNCE on **April 29, 2019 at 10:00 a.m.**, Courtroom Number Two, Colbert County
Courthouse.

**DONE this 16ᵗʰ day of January, 2019.**

**/s/ KYLE W BROWN**
**CIRCUIT JUDGE**